**Laoura Ivanovna TEDEEVA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 95–70145.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 1996.

Memorandum Filed May 28, 1996.

Decided July 10, 1996.

Donald Ungar, Simmons, Ungar, Helbush, Steinberg & Bright, San Francisco, California, for petitioner.

Stephen W. Funk, Elizabeth A. Welsh, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

Before: ALARCON, BEEZER and RYMER, Circuit Judges.

**ORDER**

Respondent's request for publication is granted. The Memorandum Disposition filed May 28, 1996, is redesignated, with modifications, as an authored Opinion by Judge BEEZER.

**OPINION**

BEEZER, Circuit Judge:

We consider when notice of a deportation hearing must be given in person to an alien before the alien can be deported in absentia.

Laoura Tedeeva ("Petitioner") was ordered deported in absentia when she failed to appear for a hearing. Petitioner contends that the Immigration and Naturalization Service ("INS") did not give her notice of the hearing "in person" or establish by "clear, unequivocal, and convincing evidence" that personal service was not practicable.

We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition for review.

## I

Petitioner is a native of Russia who arrived for a visit in the United States on September 4, 1992. On January 31, 1994, the INS denied Petitioner's application for asylum and issued an order to show cause initiating deportation proceedings against her. The order advised Petitioner that she would be notified later of the time and place of her deportation proceeding.

On March 22, 1994, the Office of the Immigration Judge sent Petitioner a notice advising her that her deportation hearing was to be held on June 9, 1994. The notice was sent by certified mail to Petitioner's residence, and was accepted and the certified mail receipt was signed by Petitioner's husband. Petitioner had actual notice of the hearing but did not attend. The Immigration Judge ("IJ") ordered Petitioner deported in absentia pursuant to 8 U.S.C. § 1252b(c)(1). The IJ denied Petitioner's motion to reopen, and the Board of Immigration Appeals ("BIA") dismissed the appeal. Petitioner timely petitioned for review.

## II

We review de novo the BIA's "determination of purely legal questions regarding the requirements of the Immigration and Nationality Act." *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). We will defer to the BIA's interpretation of the Act, however, when appropriate under *Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). *Ghaly,* 58 F.3d at 1429.

An alien who fails to appear at her deportation hearing will be ordered deported in absentia if the INS establishes by clear, unequivocal, and convincing evidence that the alien was provided with written notice of the hearing and is deportable. 8 U.S.C. § 1252b(c)(1). Written notice of the deportation hearing must be given in person to the alien or "if personal service is not practicable" by certified mail. 8 U.S.C. § 1252b(a)(2). The statute states that written notice "shall be considered sufficient for purposes of this paragraph if provided at the most recent address provided under subsection (a)(1)(F) of this section." 8 U.S.C. § 1252b(c)(1).

Petitioner admits that she had actual notice of the hearing, but argues that the IJ did not prove by "clear, unequivocal, and convincing evidence" that in person service was not practicable. We disagree.

The statute does not define when it is practicable for the Office of the Immigration Judge to give notice to the alien in person. The BIA has held that in person service to an alien is not practicable if the alien is not in the immigration court before the IJ. *In re Grijalva,* Int. Dec. 3246 (BIA Apr. 28, 1995). We hold that this is a sensible construction of the statute, especially in light of other provisions of the act which indicate a legislative scheme that allows the INS efficiently to pursue hearings in absentia. *See, e.g.,* 8 U.S.C. § 1252b(a)(2) ("In the case of an alien not in detention, a written notice shall not be required under this paragraph if the alien has failed to provide the address required under subsection (a)(1)(F) of this section."); *see generally Yang v. INS,* 79 F.3d 932, 935 (9th Cir.1996) ("In the face of ambiguity or Congressional silence, we should defer to the agency's considered judgment.") (citation omitted).

## CONCLUSION

We conclude that the INS proved that it provided notice in compliance with the statute, and that the BIA did not err in dismissing the petitioner's appeal.

**PETITION FOR REVIEW DENIED.**