IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60744
Summary Calendar

_____


RUBEN IBARRA-PINEDO,

                                                    Petitioner,

v.

JOHN ASHCROFT, ATTORNEY GENERAL,

                                                    Respondent.

--------------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
A38-941-716
--------------------------------------------------------------
April 29, 2002


Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Petitioner Ruben Ibarra-Pinedo ("Ibarra-Pinedo") was ordered removed from the United

States to Mexico, in absentia, pursuant to 8 U.S.C. 1229a(b)(5)(A), on August 29, 2000.  On

September 11, 2000 Ibarra-Pinedo filed a motion to reopen his case, contending that he did not

receive notice of his cancellation of removal hearing by certified mail as required by 8 C.F.R. §

3.26.  This motion was denied.  The Board of Immigration Appeals (the "BIA") dismissed Ibarra-

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pinedo's appeal of that order and Ibarra-Pinedo petitions for review. We will dismiss the petition.

## BACKGROUND

Ibarra-Pinedo is a Mexican citizen who was convicted of immigrant smuggling in violation of Section 275(a)(3) of the Immigration and Nationality Act (the "Act") [8 U.S.C. § 1325(a)(3)].

The Government subsequently initiated removal proceedings pursuant to Section 212(a)(6)(E)(i) of the Act [8 U.S.C. § 1182]. Numerous hearing dates were continued, but eventually, on February 23, 2000, a hearing date was set for September 1, 2000 at 1:00 p.m. On July 5, 2000 the immigration court mailed Ibarra-Pinedo's counsel a hearing notice changing the hearing time to 8:30 a.m. (maintaining the original hearing date). On July 19, 2000 the immigration court mailed Ibarra-Pinedo's counsel a revised hearing notice advising Ibarra-Pinedo that he would have a master calendar hearing on August 23, 2000 at 8:30 a.m. It is undisputed that this notice was received. However, Ibarra-Pinedo did not appear at the August 23, 2000 hearing and the immigration court ordered that Ibarra-Pinedo be removed to Mexico, in absentia. Ibarra-Pinedo filed the instant motion to reopen the proceedings.

## ANALYSIS

There is no statutory provision for reopening; the authority to reopen derives solely from regulations promulgated by the Attorney General. The regulations authorize, but do not require, the BIA to reopen proceedings under certain circumstances. The grant of a motion to reopen is therefore discretionary. The attorney general has broad discretion to grant or deny such a motion. We therefore apply a highly deferential abuse of discretion standard in reviewing the BIA's denial of a motion to reopen. The abuse of discretion standard applies to motions to reopen regardless of the underlying basis of the alien's request for relief. Moreover, motions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence. This is especially true in a

2

deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien.

Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000) (citations omitted).

Here, the BIA dismissed Ibarra-Pinedo's petition, concluding that, to the extent that the notice given Ibarra-Pinedo failed to satisfy a regulation requiring service by certified mail, no relief was appropriate because Ibarra-Pinedo's attorney had actual notice, i.e., the failure to comply with the regulation caused Ibarra-Pinedo no prejudice. This conclusion was consistent with BIA precedent. In Re Jorge Tadeo Carrera Hernandez, 21 I. & N. Dec. 224, 226 (BIA 1996) ("The violation of a Service regulation will not necessarily invalidate a deportation proceeding. Rather, this Board has consistently held that the violation of a regulatory requirement invalidates a proceeding only where the regulation provides a benefit to the alien and the violation prejudiced the interest of the alien which was to be protected by the regulation."). Ibarra-Pinedo does not cite any authority rejecting this "harmless error" rule nor does he argue that the rule is inappropriate. He simply ignores the basis of the BIA's dismissal. Accordingly, he has not demonstrated an abuse of discretion.

Alternatively, Ibarra-Pinedo contends that the Act required that he be personally served. See 8 U.S.C. § 1229(a)(2) ("In removal proceedings under section 1229a of this title, in the case of any change or postponement in the time and place of such proceedings, subject to subparagraph (B) a written notice shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)...."). He cites no authority or persuasive argument supporting this proposition, and it is inconsistent with BIA authority. See In re Grijalva, 21 I. & N. Dec. 27 (concluding that "in

3

person" service is not practicable where individual is not before the immigration judge); see also

Giday v. I.N.S., 113 F.3d 230, 233 (D.C.Cir. 1997) (concluding that the BIA's interpretation of

"practicable" is subject to Chevron deference); Tedeeva v. I.N.S., 88 F.3d 826, 827 (9th Cir.

1996) (same).[1]

**CONCLUSION**

In light of the foregoing analysis, Ibarra-Pinedo's petition is DENIED.

---

[1]Ibarra-Pinedo also contends that the immigration court erred when it disregarded an affidavit he submitted. In the affidavit he swore that he appeared on September 1, 2000 hearing date with his attorney, family and employer. This attack fails for two reasons. First, we do not generally review the orders of the immigration judge as the BIA conducts a de novo review. De Morales v. INS, 116 F.3d 145, 147 (5th Cir. 1997). Accordingly, we consider the errors of the immigration judge only to the extent that they affect the BIA's decision. Ogbemudia v. I.N.S., 988 F.2d 595, 598 (5th Cir. 1993). Second, as the BIA implicitly concluded, whether Ibarra-Pinedo appeared on the September 1, 2000 hearing date, while perhaps probative of his knowledge of the change of date and relevant to a claim of ineffective assistance of counsel, is irrelevant to the basis he asserted for reopening his cancellation proceeding.

We note that Ibarra-Pinedo implies that he was unaware of the change of hearing date but, for whatever reason, did not raise an ineffective assistance of counsel claim below. See Matter of N-K- & V-S-, Interim Decision 3312 (BIA 1997) (finding that failure to provide proper notice constitutes ineffective assistance of counsel).