**Anthony GAREWAL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70798.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2003.*

Decided May 20, 2003.

Before: BEEZER, FERNANDEZ, and PAEZ, *Circuit Judges.*

MEMORANDUM **

Anthony Garewal appeals the Board of Immigration Appeals ("BIA") ruling affirming the Immigration Judge's ("IJ") denial of his motion to reopen. Garewal argues that the *in absentia* hearing was improper, that failure to rule on the motion to continue was improper, and that the denial of the motion to reopen was an abuse of discretion. We have jurisdiction and we deny Garewal's petition for review.

I

Garewal argues that the *in absentia* hearing was improper because Garewal re-ceived notice of the hearing by mail rather than through personal service. Personal service is not practicable when the respondent is not personally present before the IJ at the time the hearing docket is scheduled. *Tedeeva v. INS,* 88 F.3d 826, 827 (9th Cir.1996). In such situations, notice by mail is proper. *In re Grijalva,* 21 I. & N. Dec. 27 at 35, 1995 WL 314388 (1995). Garewal was not present when notice for the missed hearing was issued. Notice by mail was sufficient.

II

Garewal argues that the following constituted a violation of due process: the IJ's failure to consider the motion to continue and the failure to notify counsel of the status of the motion, the short preparation time, the denial of right to counsel, the failure to serve in person, and the failure to give notice of consequences for failing to appear. Garewal asked for a continuance because of an asserted time conflict. Absent additional evidence supporting the conflict, denial of the continuance motion was not a violation of due process. *See Patel v. INS,* 803 F.2d 804 (5th Cir.1986) (explaining that denial of an unsubstantiated motion was not a violation of due process.) Garewal's due process arguments concerning the short-notice and sequential denial of counsel arguments are not well taken. Garewal need only be provided with an "opportunity to meet [the notice]." *Mathews v. Eldridge,* 424 U.S. 319, 348, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Garewal had notice of the hearing as evidenced by counsel's motion that was filed prior to the hearing date. There is no evidence that Garewal required more time to prepare.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Finally, Garewal was not denied counsel, rather, counsel failed to appear. Garewal's due process arguments do not require us to set aside the BIA ruling.

### III

Garewal, claiming extraordinary circumstances under *Singh v. INS,* 295 F.3d 1037 (9th Cir.2002) argues that his motion to reopen should have been granted. Extraordinary circumstances include serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, or other similar circumstances beyond the control of the alien, but not less compelling circumstances. 8 U.S.C. § 1229a(e)(1). Garewal's claims fall outside of *Singh* because Garewal's reasons are significantly less compelling. Garewal has not made the same strong showing of entitlement to relief found in *Singh.*

The petition for review is DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.