**Jose Luis SOLORZANO–AHUMADA,
Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 00–71052.

I & NS No. A42–316–922.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2001.*

Decided May 15, 2002.

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,** Senior District Judge.

MEMORANDUM ***

Jose Solorzano–Ahumada ("Solorzano–Ahumada") petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his motion to reopen deportation proceedings. The IJ entered an order of deportation *in absentia* when Solorzano–Ahumada failed to appear for his scheduled deportation hearing. Solorza-no–Ahumada contends that the order was an abuse of discretion because he did not receive notice of the hearing as required by § 242B of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252b(a)(2) (1995).[1] We have jurisdiction under 8 U.S.C. § 1105a (1995).

Our review is for abuse of discretion. *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir.2000). We will not disturb the BIA's ruling unless it has acted "arbitrarily, irrationally, or contrary to law." *Eide–Kahayon v. INS*, 86 F.3d 147, 149 (9th Cir. 1996) (citations and internal quotations omitted). We review *de novo* the BIA's determination of purely legal questions. *Singh v. INS*, 213 F.3d at 1052.

Solorzano–Ahumada contends that he lived at the same address for three years. However, he offers no proof that he ever provided his correct address to the INS or that he ever received mail from the INS at the incomplete address. Thus, he failed to meet his burden of showing that the INS had his complete address and failed to include the apartment number in the Order to Show Cause.

Section 3.15 of the Code of Federal Regulations makes the alien's obligation to provide a correct address explicit, stating in relevant part:

(d)(1) If the alien's address ... on the Order to Show Cause or Notice to Ap-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Pub.L. No. 104–302, 110 Stat. 3656 (Oct. 11, 1996), repealed this section. However, the IIRIRA provides transitional rules that apply to cases where the deportation proceedings commenced prior to April 1, 1997, and in which a final deportation order was issued on or after October 30, 1996. The transitional rules provide that the INA applies as codified prior to the passage of the IIRIRA. *See* IIRIRA §§ 306(c)(1), 309(a); *Singh v. INS*, 213 F.3d 1050, 1051 n. 1 (9th Cir.2000). Because Solorzano–Ahumada's deportation proceedings commenced on July 24, 1996, and a final order of deportation was issued on July 26, 2000, we have jurisdiction under the pre-IIRIRA judicial review provision of the INA. *See* 8 U.S.C. § 1105a (1995).

pear is incorrect, the alien must provide to the Immigration Court where the charging document has been filed, within five days of service of that document, a written notice of an address and telephone number at which the alien can be contacted.

8 C.F.R. § 3.15 (1997). Solorzano–Ahumada offers no evidence of compliance or even an explanation of his failure to comply.

Because notice was sent by certified mail to Solorzano–Ahumada's last known address, service was presumptively effective. *Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir.1997). Solorzano–Ahumada did not show that nondelivery was not due to his failure to provide his correct address. Thus, he cannot overcome the presumption. *In re Grijalva*, Int. Dec. 3246, 1995 WL 314388 (BIA April 28, 1995).

Petition DENIED.