Ramiro VEGA–GONZALEZ, Petitioner,

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 01–70911.

INS No. A92–968–444.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided Aug. 14, 2002.

---

**1.** Section 306 of IIRIRA amended the Immigration and Nationality Act (INA), § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C).

Before WARDLAW and BERZON, Circuit Judges, and ISHII, District Judge.*

MEMORANDUM **

■ Ramiro Vega–Gonzalez ("Vega"), a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of his motion to reopen deportation proceedings. The immigration judge entered an order of deportation *in absentia* when Vega failed to attend his hearing for voluntary departure. Vega contends that the order was an abuse of discretion, on the ground that he never received notice of the hearing because the Office of the Immigration Judge ("OIJ") did not include the zip code of Vega's address of record on the hearing notice's return receipt card. We find, however, that Vega is unable to overcome the presumption of effective service, and deny the petition.[1] Because the parties are familiar with the facts, we recite here only those necessary to explain our decision.

■ When the INS advises an alien of his obligation to notify the OIJ of an address change, an *in absentia* deportation hearing may be proper where notice was sent to the alien's last known address. *See* 8 U.S.C. § 1252b(c)(1) (providing that an immigration judge is required to order deportation *in absentia* of any alien who does not attend the deportation hearing if it is established by "clear, unequivocal, and convincing evidence that written notice was so provided"). Because the INS advised Vega in the Order to Show Cause of

---

* The Honorable Anthony W. Ishii, District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The Ninth Circuit reviews for an abuse of discretion the BIA's denial of Vega's motion to reopen. *See Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996).

his obligation to notify the OIJ of any change of address, the INS is entitled to a presumption of adequate notice by having mailed the notice to his last known address.[2] To "overcome the presumption of adequate notice when notice of a deportation hearing was sent by a constitutionally adequate method, [an alien] must present substantial and probative evidence ... demonstrating that there was improper delivery or that nondelivery was not due to the [alien's] failure to provide an address where she could receive mail." *Urbina–Osejo v. INS*, 124 F.3d 1314, 1317 (9th Cir.1997) (citations omitted).

Vega seeks to overcome the presumption of adequate notice by arguing that he did not receive the hearing notice because the OIJ omitted the zip code of Vega's address of record from the return receipt card. The record indicates, however, that the Post Office placed a bar code with the correct zip code on the envelope containing Vega's notice of his deportation proceeding. Because notice was sent by certified mail to Vega's last known address and any error in the address was corrected by the Post Office, service was presumptively effective. *Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir.1997). Thus, the reason for nondelivery had to be other than the failure of the OIJ to address the envelope properly.

**PETITION DENIED.**

---

**2.** The INA provides that "a written notice [of time and place of deportation proceedings] shall not be required under this paragraph if the alien has failed to provide the address required under subsection (a)(1)(F)." 8 U.S.C. § 1252b(a)(2)(A). Because Vega provided an address as required under INA § 242B(a)(1)(F), he was entitled to notice of his deportation hearing. Only in the event that Vega failed to provide *any* contact address would he be denied notice. Accordingly, the immigration judge erred when it concluded that "no notice was required, since [Vega] failed to keep the Court and Board appraised of his new address."