Andres **MARTINEZ–REYES,**
Petitioner,

v.

John **ASHCROFT,** Attorney
General,* Respondent.

No. 02–73995.
Agency No. A29–656–136.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.**

Decided Sept. 18, 2003.

Meredith R. Brown, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS-District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Terri J. Scadron, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM***

Andres Martinez–Reyes, a native and citizen of Mexico, petitions for review of

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of the immigration judge's denial of his motion to reopen, filed eight years after Martinez–Reyes was ordered deported in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review the denial of a motion to reopen for abuse of discretion, *Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam), and we deny the petition for review.

Martinez–Reyes moved to reopen on the ground that he failed to attend his deportation hearing because he did not receive notice of the date of the hearing. The BIA did not abuse its discretion in dismissing Martinez–Reyes's appeal because notice of the hearing was sent by certified mail to Martinez–Reyes at his address of record. *See Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997).

To the extent that Martinez–Reyes argues improper delivery or nondelivery by the postal service, he failed to submit evidence to support this argument. *See Arrieta v. INS,* 117 F.3d 429, 432 (9th Cir. 1997) (per curiam).

Martinez–Reyes's contention that the INS failed to follow its' own directive in not joining his motion to reopen is unavailing.

**PETITION FOR REVIEW DENIED.**