**Baldevbhai Somabhai PATEL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–74297.

Agency No. A70–915–340.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2004.*

Decided March 8, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

David B. Gardner, Law Offices of David B. Gardner, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Terri J. Scadron, Leslie McKay, Washington, DC, for Respondent.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

## MEMORANDUM**

Baldevbhai Somabhi Patel, a native and citizen of India, petitions for review of an order of the BIA dismissing his appeal from the immigration judge's denial of his motion to reopen in absentia deportation proceedings from 1996. We have jurisdiction under 8 U.S.C. § 1105a(a) (1995), and we deny the petition.

Because the parties are familiar with the facts, we do not recount them in detail except as necessary. We apply pre-IIRIRA law to the order of deportation that became final on March 4, 1996, *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), and review *de novo* the claim of due process violation, *Lopez–Urenda v. Ashcroft,* 345 F.3d 788, 791 (9th Cir.2003). We apply transitional rules to the BIA's denial of a motion to reopen, *Kalaw,* 133 F.3d at 1150, and review for abuse of discretion, *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002).

Petitioner may not reopen to rescind the 1996 *in absentia* deportation order because he received proper notice and did not show "exceptional circumstances." 8 U.S.C. § 1252b(c)(3)(A) and (B) (1995); *see Salta v. INS,* 314 F.3d 1076, 1078 (9th Cir.2002). Certified mail delivery "signed by the respondent or a responsible person at the respondent's address and returned" creates a strong presumption of proper notice. *Matter of Grijalva,* 21 I. & N. Dec. 27, 37, 1995 WL 314388 (BIA 1995); *approved Arrieta v. INS,* 117 F.3d 429, 430–31 (9th Cir.1997) (per curiam). Evidence that the mail failed to reach Petitioner after delivery to a responsible person at the address petitioner himself provided is insufficient to rebut the presumption. *Id.* at 431.

Petitioner also seeks reopening on the basis that he now qualifies for adjustment of status. This claim fails because Petitioner's motion to reopen was filed more than three years too late. 8 C.F.R. § 3.23(b) (1999) (effective July 1, 1996). The untimeliness of Petitioner's motion is what distinguishes his situation from that in *Singh v. INS,* 295 F.3d 1037 (9th Cir. 2002). Petitioner laid low for three years until his priority date had become current and an immigration visa became available. To apply *Singh* in this instance would encourage aliens to intentionally fail to appear at their deportation hearings and hope for a change of circumstances that would warrant an adjustment of status. *See Stone v. INS,* 514 U.S. 386, 399–400, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (generally disfavoring "dilatory tactics in deportation proceedings"). Finally, Petitioner has not shown circumstances warranting the rarely-applied doctrine of equitable tolling. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.