**Jorge Pichardo LOPEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71177.
Agency No. A74–586–548.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2004.[*]

Decided June 25, 2004.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elsa I. Martinez, Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, David V. Bernal, Attorney, Russell J.E. Verby, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM**

Jorge Enrique Gutierrez, also known as Jorge Pichardo Lopez, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals, summarily affirming an immigration judge's ("IJ") denial of his motion to reopen the IJ's in absentia order of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review for abuse of discretion the IJ's denial of a motion to reopen, *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996), and we deny the petition for review.

The IJ did not abuse his discretion by denying Lopez's motion to reopen because notice of the hearing was sent via certified mail to the last address Lopez himself provided. *See Arrieta v. INS,* 117 F.3d 429, 431 (9th Cir.1997) (per curiam) (holding that notice by certified mail sent to an alien's last known address can be sufficient even if nobody signed for it).

Nor did the IJ abuse his discretion by denying Lopez's motion to reopen based upon Lopez's claim that he was eligible for relief under the Nicaraguan Adjustment and Central American Relief Act because Lopez admitted to entering the United States after December 1, 1995, and therefore, failed to establish a prima facie case of eligibility for relief. *See* 8 C.F.R. § 245.13(a); *Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003) ("[A] motion to reopen will not be granted unless the respondent establishes a prima facie case of eligibility for the underlying relief sought.").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.