**Rafael ESPINO–ROLDAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72843.

Agency No. A29–225–406.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted July 12, 2004.*

Decided July 21, 2004.

Alejandro Garcia, City of Commerce, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Christopher C. Fuller, Linda S. Wernery, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and BYBEE, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Rafael Espino–Roldan petitions this court to review his motion to reopen immigration proceedings in which he was ordered deported *in absentia.* We review the immigration judge's ("IJ") denial of a motion to reopen for abuse of discretion, and review de novo pure questions of law. *Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2000). We deny the petition for review.

Thirteen days after Espino–Roldan signed for an Order to Show Cause on September 2, 1993, the Immigration and Naturalization Service ("INS") sent a Notice of Hearing in Deportation Proceedings ("Notice") to him at the same address, informing him of the time and location of his scheduled hearing on December 17, 1993. The Notice was returned as "unclaimed" after two delivery attempts by the United States Postal Service. At the December 17, 1993 hearing, Espino–Roldan did not appear and was ordered deported to Mexico *in absentia.*

More than eight years later, Espino–Roldan filed a motion to reopen. He contends that because he did not receive the Notice, his motion to reopen is timely and the *in absentia* order of deportation was invalid pursuant to immigration law in effect at the time, 8 U.S.C. §§ 1252b(a)(2), (c)(3) (repealed 1996). The Government argues that the motion to reopen was not timely because actual notice was not required and the INS satisfied the statutory notice requirement by sending the Notice to the proper address by certified mail.

In *Arrieta v. INS,* 117 F.3d 429 (9th Cir.1997), we determined "that notice by certified mail sent to an alien's last known

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

address can be sufficient under the Act, even if no one signed for it." *Id.* at 431 (adopting *In re Grijalva,* 21 I. & N. Dec. 27, 1995 WL 314388 (BIA 1995)). It is presumed under former § 1252b(a)(2) that certified mail delivery is proper absent strong evidence to the contrary. *Id.* at 432. "Thus, if [the alien] can establish that her mailing address has remain unchanged, that neither she nor a responsible party working or residing at that address refused service, and that there was nondelivery or improper delivery by the Postal Service, then she has rebutted the presumption of effective service." *Id.*

Espino–Roldan has not established based on any evidence in the record "that neither [he] nor another responsible party ... refused service" and "that there was nondelivery or improper delivery by the Postal Service." Because Espino–Roldan failed to rebut the presumption of effective service under *Arrieta,* the IJ did not err in denying Espino–Roldan's motion to reopen.

PETITION DENIED.