**Luis Roberto MIRA–ALMENDARIZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70862.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 27, 2004.

Luis Roberto Mira–Almendariz, North Hills, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, John C. Cunningham, Esq., San Francisco, CA, Ann Carroll Varnon, Esq., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Luis Roberto Mira–Almendariz, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance denying his motion to reconsider the denial of his motion to reopen deportation proceedings that were conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review for abuse

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of discretion, *Urbina–Osejo v. INS*, 124 F.3d 1314, 1316 (9th Cir.1997), and we grant the petition.

The immigration judge ("IJ") denied Mira–Almendariz's motion to reopen because the Order to Show Cause ("OSC") and Notice to Appear were mailed to the last address that Mira–Almendariz supplied at his asylum interview and Mira–Almendariz failed to submit documentary evidence that he notified the agency of his new address.

We conclude that the IJ abused her discretion by denying the motion to reopen without considering whether Mira–Almendariz received the OSC notifying him of his obligation to update his address with the agency. The IJ also failed to consider Mira–Almendariz's sworn declaration that he did in fact provide written notice of his new address to the agency. *See Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999) ("The BIA abuses its discretion when it fails to offer a reasoned explanation for its decision, distorts or disregards important aspects of the alien's claim[ ]"); *see also Arrieta v. INS*, 117 F.3d 429, 432 (9th Cir.1997) (per curiam) (IJ and BIA must consider petitioner's evidence supporting the defense of nondelivery or improper delivery by the Postal Service). Accordingly, we grant the petition for review and remand for consideration of the complete record.

**PETITION FOR REVIEW GRANTED; REMANDED.**