Daniel Paul **LOLOY–OCAMPO,**
Petitioner,

v.

John **ASHCROFT, Attorney General, Respondent.**

No. 02–74176.
Agency No. A72–124–546.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Nov. 16, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Celaya v. Halter,* 332 F.3d 1177, 1180 (9th Cir.2003).

2. *See* 42 U.S.C. § 423(d)(2)(C).

3. *See* 20 C.F.R. § 404, Subpart P, Appendix 1.

Don Chairez, Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Carolyn Piccotti, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before CANBY, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM *

Daniel Paul Loloy–Ocampo, a native and citizen of the Philippines, petitions for review of the dismissal of his appeal by the Board of Immigration Appeals (BIA) challenging an order by the Immigration Judge refusing to reopen deportation proceedings. We have jurisdiction pursuant to the now-repealed INA § 106(a), 8 U.S.C. § 1105a(a), as amended by IIRIRA's transitional rules governing judicial review. *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1183 (9th Cir.2001) (en banc). We deny the petition.

The BIA did not abuse its discretion in concluding that Loloy–Ocampo's motion to reopen was untimely. It was not filed within 180 days of his in absentia deportation order as 8 U.S.C. § 1252b(c)(3)(A) (repealed 1996) requires. To the extent Loloy–Ocampo now argues that he did not receive proper notice, the issue was not exhausted because he failed to develop any argument that the notice was invalid before the BIA. *See* INA ·§ 106(c), 8 U.S.C. § 1105a(c) (repealed 1996); *Vargas v. U.S. Dep't of Immigration and Naturalization,* 831 F.2d 906, 907–08 (9th Cir.1987). In any event, the record shows that personal notice was impractical and that Loloy–Ocampo was served by certified mail at his last known address. *See* 8 U.S.C. § 1252b(a)(2)(A); *Arrieta v. INS,* 117 F.3d 429, 431 (9th Cir.1997). To the extent he argues that his failure to file a motion to reopen within 180 days was based on the deceptive actions of a notary, Loloy–Ocampo's papers to the BIA did not mention notary fraud. Thus, there is no basis for equitable tolling or for finding that exceptional circumstances exist to warrant reopening. *See Taniguchi v. Schultz,* 303 F.3d 950, 955 (9th Cir.2002) (holding that equitable tolling was not exhausted because it was not argued to the BIA).

Likewise, the BIA acted within its discretion to deny Loloy–Ocampo's motion to reopen based on adjustment of status. He did not move to reopen in time. 8 C.F.R. § 3.2(c)(2) (2002). Further, Loloy–Ocampo's visa petition, approved over six years after he was ordered deported in absentia, did not cause his failure to appear and therefore does not amount to an exceptional circumstance. 8 U.S.C. § 1252b(c)(3)(A).

Loloy–Ocampo also failed to exhaust his argument that the in absentia deportation order was not final. Regardless, he offers no authority to suggest that it was not.

PETITION DENIED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.