**Jose Carlos CAJAHUARINGA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

No. 04–71439.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 22, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Stephen Glaser, Esq., Manulkin & Glaser, Fountain Valley, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan Houser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM ***

Jose Carlos Cajahuaringa, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings in which he was deported in absentia. We have jurisdiction under former 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for an abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), and we deny in part and grant in part the petition for review.

■ The BIA did not abuse its discretion in denying the motion to reopen because the record establishes that notice of the November 20, 2001 hearing was properly served on Cajahuaringa and his former counsel. *See* 8 U.S.C. § 1252b (repealed 1996); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam) (rejecting claim of inadequate notice where the government served written notice of the hearing on applicant's counsel; noting that applicant did not raise an ineffective assistance of counsel claim); *Arrieta v. INS*, 117 F.3d 429, 430–31 (9th Cir.1997) (per curiam) (notice of hearing sufficient when notice sent by certified mail to alien's last known address).

■ The BIA failed to address Cajahuaringa's motion to remand to seek adjustment of status. The BIA abuses its discretion if it fails to "indicate with speci-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ficity that it heard and considered petitioner's claims." *See Maravilla v. Ashcroft,* 381 F.3d 855, 858 (9th Cir.2004). Accordingly, we remand to the BIA to consider Cajahuaringa's motion to remand.

**PETITION FOR REVIEW DENIED in part; GRANTED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.