Oscar CORONA, Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 04–71669.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.**

Decided June 29, 2005.

Ahmed M. Abdallah, Esq., Hollywood, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Julia Doig Wilcox, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Philip Giordano, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM ***

Oscar Corona, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen deportation proceedings. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). We review for abuse of discretion the denial of a motion to reopen, *Arrieta v. INS*, 117 F.3d 429, 430 (9th Cir.1997) (per curiam), and review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The BIA did not abuse its discretion in denying Corona's motion to reopen where the former Immigration and Naturalization Service ("INS") sent by certified mail to the petitioner's address of record an order to show cause and a hearing notice, and postal records indicate that the order to show cause was signed for and the hearing notice was returned "unclaimed," as Corona's sworn statement that he never received notice fails to rebut the strong presumption of effective service created by proof of notification of certified mail and attempted delivery. *See Arrieta*, 117 F.3d at 431; *see also Matter of M–D–*, 23 I. & N. Dec. 541, 547 (BIA 2002) (holding that an alien may not defeat service by neglecting or refusing to collect his mail).

Contrary to petitioner's contention, the record indicates that the BIA considered all the relevant factors in his case. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir.2000).

Corona's contention that the BIA denied him due process by not providing a tran-

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

script of the master calendar hearing lacks merit because he does not show prejudice. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000) (recognizing that to prevail on a due process challenge, alien must show error and substantial prejudice).

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.