Mayra **MENENDEZ–OLIVEROS**, Petitioner,

v.

Alberto R. **GONZALES**,* Attorney General, Respondent.

No. 04–71912.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 29, 2005.

Mayra Menendez–Oliveros, Riverside, CA, pro se.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Mark L. Gross, Esq., Jennifer Levin, DOJ—U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM ***

Mayra Menendez–Oliveros, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an immigration judge's ("IJ") denial of her motion to reopen in absentia deportation proceedings. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). We review for abuse of discretion the BIA's ruling on a motion to reopen, *Arrieta v. INS*, 117 F.3d 429, 430 (9th Cir.1997) (per curiam), and review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

We reject Menendez–Oliveros' contention that she was deprived of due process

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

because she did not receive notice of the August 26, 1994 deportation hearing. The BIA properly concluded that Menendez–Oliveros failed to present sufficient evidence to overcome the strong presumption of delivery created by certified mail. *See Arrieta*, 117 F.3d at 431.

Moreover, the BIA correctly determined that Menendez–Oliveros was not entitled to equitable tolling of the time period for filing the motion to reopen because she did not demonstrate that her failure to appear at her deportation hearing was due to the deceptive actions of a notario. *Cf. Fajardo v. INS*, 300 F.3d 1018, 1022 (9th Cir.2002).

Menendez–Oliveros' remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**