Antonio REYES–LORENZO,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–72540.

Agency No. A72–154–001.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Thomas Spaniolo, The Law Office of Thomas Spaniolo, Portland, OR, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office Of The District CounseL Department of Homeland Security, San Francisco, CA, District Counsel, Office Of The District Counsel Department of Homeland Security, Portland, OR, Joan E. Smiley, DOJ— U.S. Department of Justice Civil Div./Of-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

fice of Immigration Lit., Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

### MEMORANDUM**

Antonio Reyes–Lorenzo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his motion to reopen deportation proceedings conducted in absentia. To the extent we have jurisdiction, it is conferred by former section 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review the BIA's ruling on a motion to reopen for an abuse of discretion. *Shaar v. INS,* 141 F.3d 953, 955 (9th Cir.1998). Questions of law are reviewed de novo, *Lopez v. INS,* 184 F.3d 1097, 1099 (9th Cir.1999), as are claims of due process violations in deportation proceedings. *Monjaraz -Munoz v. INS,* 327 F.3d 892, 895 (9th Cir.2003). We deny the petition for review.

■ The record supports the conclusion that Reyes–Lorenzo was given proper notice of his deportation hearing. The notice of hearing was sent to Reyes–Lorenzo's address of record via certified mail and was signed for by Maria Garcia, a woman Reyes–Lorenzo told Border Patrol agents was his wife. Notice sent by certified mail creates a strong presumption of delivery, *see Arrieta v. INS,* 117 F.3d 429, 432 (9th Cir.1997), and Reyes–Lorenzo's testimony is insufficient to overcome the presumption, particularly in light of his history of providing false information to law enforce-

ment authorities. *See Salta v. INS,* 314 F.3d 1076, 1079 (9th Cir.2002).

■ Reyes–Lorenzo alternatively contends that his due process rights were violated when the government failed to comply with its own regulations and provide him with a notice of hearing in both English and Spanish. *See* 8 U.S.C. § 1252b(a)(3) (1995) (repealed). A violation of a regulation invalidates a deportation proceeding when the "regulation serves a purpose of benefit to the alien" and the "violation prejudiced interests of the alien which were protected by the regulation." *U.S. v. Calderon–Medina,* 591 F.2d 529, 531 (9th Cir.1979). Because Reyes–Lorenzo failed to establish he had a plausible ground for relief from deportation at the time of his deportation hearing in 1994, he has not demonstrated the requisite prejudice. *United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir.2000).

Reyes–Lorenzo's challenge to the BIA's summary affirmance of the IJ's decision is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.