**Marlen Ivon SUAZO–SALVADOR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75312.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 16, 2007.

Wellington Y. Kwan, Esq., Los Angeles, CA, for Petitioner.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, OIL, U.S. Department of Justice, Washington, DC, Richard L. Pomeroy, Esq., Office of the U.S. Attorney, Anchorage, AK, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Marlen Ivon Suazo–Salvador, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an immigration judge's order denying her motion to reopen deportation proceedings to permit her to apply for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Arrieta v. INS,* 117 F.3d 429, 430 (9th Cir.1997) (per curiam). We dismiss in part and deny in part the petition for review.

Suazo–Salvador contends that the BIA abused its discretion by not exercising its sua sponte power to reopen. We lack jurisdiction to consider this contention. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

Suazo–Salvador contends that the agency did not properly serve the March 1,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1994, order to show cause on her. We lack jurisdiction to consider this contention because she did not raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Suazo–Salvador contends that she did not receive the subsequent notice of hearing. The record indicates, however, that the government sent the notice by certified mail, as required by the regulations then in effect. *See Arrieta,* 117 F.3d at 431 (holding that "notice by certified mail sent to an alien's last known address can be sufficient under the Act, even if no one signed for it.").

Suazo–Salvador's remaining contentions are also without merit.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.