**Magda Aida GARCIA–TAX, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–73796.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 2, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Christopher John Stender, Esquire, Stender & Lappin, San Diego, CA, for Petitioner.

Lauren E. Fascett, Esquire, Stuart S. Nickum, Esquire, David V. Bernal, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Magda Aida Garcia–Tax, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her motion to reopen deportation proceedings conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion when it determined that Garcia–Tax received sufficient notice of her hearing where the record contains the hearing notice addressed to counsel and a certified return receipt, and Garcia–Tax presented no evidence rebutting the strong presumption of service. *See Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam) (service of hearing notice on counsel sufficient); *Arrieta v. INS,* 117 F.3d 429, 431 (9th Cir.1997) (per curiam).

The BIA did not abuse its discretion in affirming the IJ's determination that Garcia–Tax's motion to reopen was untimely because it was filed more than seven years after the IJ ordered her deported in absentia, *see* 8 C.F.R. § 1003.23(b)(4)(iii), and Garcia–Tax failed to establish she exercised the required diligence once she learned of her deportation order. *See Iturribarria,* 321 F.3d at 897 (equitable tolling is available to a petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.