**NOT FOR PUBLICATION**

MAR 22 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BIAO ZHENG,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-71899<br><br>Agency No. A072-337-305<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, LEAVY, and BYBEE, Circuit Judges.

Biao Zheng, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen. We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a motion to reopen, *He v. Gonzales*, 501 F.3d 1128, 1130-31 (9th Cir. 2007), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Zheng's motion to reopen to rescind his deportation order because the hearing notice was sent by certified mail to the address last provided by Zheng and he failed to timely inform the immigration court of his address change, *see Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir. 1997) (per curiam) (hearing notice sent by certified mail to alien's last known address is sufficient notice).

The BIA did not abuse its discretion in denying Zheng's motion to reopen as untimely because he filed it more than 10 years after the final deportation order, *see* 8 C.F.R. § 1003.23(b)(1), and he failed to demonstrate changed country conditions to qualify for the regulatory exception to the time limit for filing motions to reopen, or that he warranted equitable tolling of the filing deadline, *see* 8 C.F.R. § 1003.22(b)(4)(i); *He*, 501 F.3d at 1132 (changed personal circumstances insufficient to support an untimely motion to reopen)*; Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

We lack jurisdiction to review Zheng's ineffective assistance of counsel claim because he failed to exhaust it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**