**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BIAO ZHENG, | No. 12-73174 |
| Petitioner, | Agency No. A072-337-305 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Biao Zheng, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny the petition for review.

Zheng's contentions regarding whether he received proper notice were addressed in this court's prior decision in *Biao Zheng v. Holder,* 423 Fed. Appx. 699 (9th Cir. 2011) ( hearing notice was sent by certified mail to the address last provided by Zheng and he failed to timely inform the immigration court of his address change).

To the extent Zheng now contends that the agency abused its discretion in denying his motion to reopen because he was not sufficiently apprised of the change-of-address requirement, Zheng's contention fails. Zheng was personally served with an Order to Show Cause ("OSC") and there was no statutory requirement that the OSC be orally translated. *See* 8 U.S.C. § 1252b(a)(1) (1992).

The BIA did not abuse its discretion in denying Zheng's motion to reopen based on changed country conditions where Zheng failed to supply any evidence of a material change in circumstances in China. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

**PETITION FOR REVIEW DENIED.**