**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME SANDOVAL, | No. 10-71721 |
| Petitioner, | Agency No. A076-381-879 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Jaime Sandoval, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion to reopen proceedings held

in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir. 2002), and we review de novo claims of due process violations, *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008).  We grant the petition for review.

The agency abused its discretion by applying a "strong presumption of effective service" where the record lacks proof of an "attempted delivery and notification of certified mail."  *Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir. 1997).

The agency also abused its discretion in denying Sandoval's motion on the ground that Sandoval provided no evidence to corroborate his affidavit alleging non-receipt, where the motion included a corroborating letter from Sandoval's former employer.  *See id*. at 432 ("when an alien is seeking to reopen deportation proceedings on the ground of lack of notice of the deportation hearing, the *Grijalva* presumption requires the IJ and BIA to consider the evidence submitted by an alien which supports the defense of nondelivery or improper delivery of the notice").  It follows that the BIA abused its discretion in denying Sandoval's motion to remand for an evidentiary hearing on the same grounds.

Accordingly, we remand to the BIA with the instruction to remand for further proceedings before the IJ in accordance with this disposition.

In light of our decision, we need not reach Sandoval's remaining contentions.

**PETITION FOR REVIEW GRANTED.**