**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO FRANCO ARTEAGA; ISABEL MENDOZA-TORRES, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71367 <br><br> Agency Nos. A075-680-961 <br> A026-779-934 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Mario Franco Arteaga and Isabel Mendoza-Torres, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their motion

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion as untimely where the motion was filed nearly five years after their removal order became final, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(1) (an in absentia deportation order may be rescinded where failure to appear is due to exceptional circumstances, provided a motion to reopen is filed within 180 days of the final administrative order), and petitioners failed to establish grounds for equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"); *see also Fajardo v. INS*, 300 F.3d 1018, 1022 (9th Cir. 2002). It follows that petitioners' due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED**.

10-71367