Carolina **ARRIETA**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 95–70852.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 1996.*

Decided July 3, 1997.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

decision of the Board of Immigration Appeals ("BIA"), dismissing her appeal from the Immigration Judge's ("IJ") denial of her motion to reopen deportation proceedings. The IJ entered an order of deportation in absentia when Arrieta failed to appear at the scheduled deportation hearing. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we grant the petition for review.

Arrieta contends that she failed to appear for her deportation hearing because she never received notice of the deportation hearing as required by section 242B of the Immigration and Nationality Act ("the Act" or "INA"), 8 U.S.C. § 1252b(a)(2). As the BIA indicated in its decision, the IJ ordered Arrieta deported after an in absentia hearing because notice of the deportation hearing was sent to Arrieta by certified mail to her last known address. The hearing notice was returned to the Office of the Immigration Judge with an indication that delivery was "attempted." The BIA concluded that Arrieta failed to report a change of address to the immigration court, and that the hearing notice sent by certified mail to her last known address was sufficient to establish that she received written notice of the deportation hearing as required by section 242B of the INA. Arrieta contends, however, that although she had changed her residence, she continued to receive mail at the address she had provided.

Carolina Arrieta, Los Angeles, CA, pro se petitioner.

Tina Potuto, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for respondent.

Before: HUG, Chief Judge, and SCHROEDER and TASHIMA, Circuit Judges.

PER CURIAM:

Carolina Arrieta, a native and citizen of the Philippines, petitions pro se for review of the

I

We review de novo the BIA's "determination of purely legal questions regarding the requirements of the Immigration and Nationality Act." *Tedeeva v. INS*, 88 F.3d 826, 827 (9th Cir.1996); *citing Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). We will defer to the BIA's interpretation of the Act when appropriate under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). *Tedeeva*, 88 F.3d at 827. The denial of a motion to reopen is subject to an abuse of discretion standard of review. *Hernandez–Vivas v. INS*, 23 F.3d 1557, 1561 (9th Cir.1994).

Section 242B of the Act provides that "[w]ritten notice [of deportation proceedings

under the section] shall be given in person to the alien (or, if personal service is not practicable, written notice shall be given by certified mail to the alien ... ).... " 8 U.S.C. § 1252b(a)(2)(A). This written notice "shall be considered sufficient for purposes of this paragraph if provided at the most recent address provided [by the alien].... " 8 U.S.C. § 1252b(c)(1). "Any alien who, after [the] written notice required ... has been provided ... does not attend a proceeding ... shall be ordered deported ... in absentia if the [INS] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is deportable." *Id.* Section 242B was added to the Act in 1990 in part to address the failure of aliens to appear at deportation hearings. *See* H.R. Conf. Rep. No. 955, 101st Cong., 2d Sess. 132 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6710, 6787; *see also* H.R.Rep. No. 681(I), 101st Cong., 2d Sess. 150–51 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6472, 6556–57.

The BIA has held that certified mail of notice of deportation proceedings which is sent to an alien's last known address provides sufficient notice under Section 242B, and that there is no requirement that the certified mail receipt be signed by the alien or a responsible person at his address in order to effect service. *In re Grijalva*, Int. Dec. 3246 (BIA Apr. 28, 1995); *see also Tedeeva, supra*, 88 F.3d at 827 (concluding in person notice of deportation hearings is not required under the Act). The BIA further held in *Grijalva* that "where service of a notice of deportation proceeding is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail, a strong presumption of effective service arises." *Id.* The BIA also stated, however, that the "presumption of effective service may be overcome by the affirmative defense of nondelivery or improper delivery by the Postal Service" based on substantial and probative evidence presented by the alien. *Id.*

Here, the notice of the deportation hearing was sent to Arrieta's last known address in San Diego, and, as noted above, returned "attempted." The IJ ordered Arrieta de-

ported in absentia, and later denied her motion to reopen on the basis that she had changed her address without notifying the INS. Arrieta argued before the BIA, as here, that she did not change her mailing address, merely her residence. Arrieta stated she continued to receive mail from the INS and others at her brother's San Diego address, including the IJ's deportation order and the order denying her motion to reopen. In support, Arrieta proffered her letter and a letter from her brother stating that the certified mail notice was never delivered to the San Diego address.

Following *Grijalva*, the BIA applied the presumption of effective delivery and concluded that the INS had established that the certified mail notice sent to Arrieta (but not received by anyone) nonetheless established clear, unequivocal and convincing evidence of the attempt to provide sufficient notice to Arrieta. The BIA further determined that Arrieta did not overcome this presumption through her defense of nondelivery because she failed to provide substantial evidence "such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence" demonstrating improper delivery that was not her fault. *Id.* Finally, the BIA observed that it also considered that Arrieta was at fault for not receiving the hearing notice because she had changed her address without informing Immigration authorities.

## II

The essential question before us is whether when delivery is attempted, but not made, at the alien's correct address it meets the requirement of effective service under the Act. We conclude that the BIA's ruling in *Grijalva* is correct that notice by certified mail sent to an alien's last known address can be sufficient under the Act, even if no one signed for it. *See* 8 U.S.C. § 1252b(c)(1). If a responsible person refuses to sign for the certified mail or if the alien has changed address without notice, the presumption of proper delivery in *Grijalva* is a reasonable construction of the notice requirement of the statute. *See Fuentes–Argueta v. INS*, 101 F.3d 867, 871 (2nd Cir.1996) (deferring to

BIA's decision in *Grijalva* and concluding in absentia deportation allowed if notice of hearing sent by certified mail was returned unclaimed).

 It is important to note, however, that when an alien is seeking to reopen deportation proceedings on the ground of lack of notice of the deportation hearing, the *Grijalva* presumption requires the IJ and BIA to consider the evidence submitted by an alien which supports the defense of nondelivery or improper delivery of the notice. *See Grijalva.* Here, the BIA erred when it refused to examine Arrieta's evidence based on its belief that letters are not substantial and probative evidence. The record indicates that Arrieta certified to the truth of her letter, and when she submitted it to the IJ, *Grijalva* had not yet been decided and there was no established standard of the proof required before the BIA for Arrieta to follow.

The BIA also erred by stating that Arrieta failed to provide a current address, because Arrieta's assertion that the address she had provided was a valid mailing address is uncontradicted. Moreover, Arrieta later received notice of the deportation order at that address, corroborating her assertion that she merely changed her residence, not her mailing address.

Thus, if Arrieta can establish that her mailing address has remained unchanged, that neither she nor a responsible party working or residing at that address refused service, and that there was nondelivery or improper delivery by the Postal Service, then she has rebutted the presumption of effective service. *See id.* If this is the case, the burden shifts to the INS to show that a responsible party refused service.

Accordingly, we remand to the BIA with instructions to remand for further proceedings before the IJ in which Arrieta will have the opportunity to provide evidence supporting her affirmative defense that her mailing address has remained unchanged, that neither she nor a responsible party working or residing at that address refused service, and

that there was nondelivery or improper delivery of her deportation notice by the Postal Service. In these proceedings, the INS also may provide its evidence that it provided proper notice and that Arrieta or a responsible party refused service of the certified mail.

**PETITION FOR REVIEW GRANTED.**