**Jerson Ramos CALUYA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70215.

INS No. A70–210–869.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2003.*

Decided April 3, 2003.

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

MEMORANDUM**

Jerson Ramos Caluya petitions for review of the Board of Immigration Appeals's decision upholding the denial of his untimely motion to reopen his case. The BIA determined that, prior to being ordered deported *in absentia*, Caluya received legally sufficient (if not actual) notice of the hearing,[1] and that Caluya was not entitled to equitable tolling. We have jurisdiction pursuant to 8 U.S.C. § 1105a (1996) to review the BIA's order, and we deny the petition.

We lack jurisdiction to review Caluya's assertion that the IJ and BIA erred under *In re M–S–*, 22 I. & N. Dec. 349 (B.I.A.

1998) (en banc), in applying the wrong standard in evaluating his motion, because he raises this argument for the first time before us. *See Cortez–Acosta v. INS*, 234 F.3d 476, 480 (9th Cir.2000). We simply note that Caluya's motion was untimely by either standard, as it was filed nearly seven years after the *in absentia* deportation order was entered. 8 C.F.R. § 3.23(b)(4)(iii)(A)(1) (motions to rescind must be filed within "180 days [from] the date of the [*in absentia* deportation] order" if the alien wishes to demonstrate that his "failure to appear was because of exceptional circumstances"); *id.* § 3.23(b)(1) (motions to reopen "must be filed within 90 days of the date of entry of a final administrative order of . . . deportation"). Caluya has failed to allege fraud or misconduct sufficient to entitle him to equitable tolling of either of these filing deadlines. *Fajardo v. INS*, 300 F.3d 1018, 1020–21 (9th Cir.2002).

**DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Immigration Court sent the notice by certified mail to the address Caluya had provided in his asylum application and subsequent request for employment authorization, and the return receipt was returned signed to the court. Such notice is legally sufficient. *Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir. 1997).