NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0084n.06
Filed: November 12, 2004

No. 03-3995

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| IGOR DUBOVTSEV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | OF A FINAL ORDER OF THE |
| | ) | BOARD OF IMMIGRATION |
| JOHN ASHCROFT, ATTORNEY GENERAL, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before: KRUPANSKY* and GILMAN, Circuit Judges, MAYS, District Judge.**

**KRUPANSKY, Circuit Judge:** Petitioner Igor Dubovtsev ("Dubovtsev") has challenged the

immigration judge's ("IJ") denial of his motion to reopen an *in absentia* order for his removal. That

order was summarily affirmed by the Board of Immigration Appeals ("BIA"). Dubovtsev has

specifically averred that the IJ lacked jurisdiction to order his removal because the Notice to Appear

personally served on him did not contain the name and location of the immigration court, thus

violating the procedural due process requirements of 8 C.F.R. 3.14(a). However, Dubovtsev failed

to supply the Immigration and Naturalization Service ("INS" or "Service") with his proper address

---

*This decision was concurred in by The Honorable Robert B. Krupansky before his untimely
death on November 8, 2004.

**The Honorable Samuel H. Mays, Jr., United States District Court for the Western District
of Tennessee, sitting by designation.

when he received personal service of the Notice to Appear, or at any time prior to the Service's mailing of the proper charging documents to Dubovtsev's listed address. Accordingly, this court does not find that the BIA abused its discretion in affirming the IJ's *in absentia* order for removal.

\*\*

Dubovtsev, a Russian national, entered the United States on April 29, 1998 on a B-2 Visitor's visa, with authority to remain until October 28, 1998. On September 28, 1998, petitioner filed for an extension of his visa permit but did not receive a written reply. However, Dubovtsev contended that he did receive phone confirmation on March 28, 1999, that authorized him to remain in the United States until April 29, 1999. The record before this court contained no evidence to support that contention.

On November 23, 1998, INS agents took Dubovtsev into custody while he was at a Detroit Greyhound station in the company of another Russian national. According to the record, petitioner informed the INS agents, through an interpreter, that he was Russian citizen who had entered the United States with a passport and visa. However, a check of INS records demonstrated that he was illegally present in the United States. INS agents further indicated that Dubovtsev took them to 6501 Yale Road, Apartment 314, in Westland, Michigan ("Yale Road address"), to retrieve his passport. However, no authorizing documents were recovered at the Yale Road address. The agents then personally served petitioner with a Notice to Appear for a removal hearing. The document clearly listed Dubovtsev's address as the Yale Road apartment just visited, but it did not specify the address of the immigration court where the Notice to Appear was filed.

On December 21, 1998, the INS filed the Notice to Appear with the immigration court in Detroit. The court then mailed the Notice, along with a Certificate of Service of Charging Document containing the court's address, to Dubovtsev's Yale Road address. The record indicates that those documents were not returned as undeliverable.

On January 4, 1999, the court mailed to petitioner's Yale Road address a notice that his removal hearing was scheduled for May 28, 1999. The postal service returned that notice to the court, marked as "return to sender."

On May 28, 1999, the petitioner failed to appear at his removal hearing. The court found that Dubovtsev had received proper service, pursuant to 8 C.F.R. §§ 3.14(a) and 103.5(a), that the INS had established the truth of the allegations in the Notice to Appear, and that petitioner had abandoned any applications for relief. The court then entered a removal order *in absentia* for Dubovtsev.

Petitioner filed a motion to rescind the removal order on July 19, 2002. In his motion, Dubovtsev maintained that the order of removal was predicated on a defective Notice to Appear, because when the Notice was issued to him in person on November 23, 1998, it did not bear the time, place and date of the removal hearing. Additionally, petitioner contended that he was an authorized visitor in the United States when he was personally served the Notice to Appear.[1]

---

[1] In this appeal, Dubovtsev did not forward the latter argument, that he was an authorized visitor in the United States at the time he was detained. Consequently, that issue must be deemed abandoned. *See Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002).

On July 24, 1999, the immigration court denied Dubovtsev's motion, noting that petitioner failed to correct the address that appeared in the properly served Notice to Appear. Because Dubotsev was put on notice that he had to provide his most recent address, the court determined that his failure to appear was not due to "exceptional circumstances" beyond his control.

On August 8, 2002, Dubovtsev filed an appeal to the BIA, contending error by the immigration court and jurisdictional defect. The BIA affirmed the immigration court's determination without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4). Dubovtsev timely appealed the BIA's final order of removal to this court.

***

This court reviews the denial of a motion to reopen a removal order for an abuse of discretion. *Denko v. INS*, 351 F.3d 717, 723 (6th Cir.2003), *citing, INS v. Doherty*, 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Dawood-Haio v. INS*, 800 F.2d 90, 95 (6th Cir.1986) (BIA's decision to deny motion for reconsideration is reviewed for abuse of discretion). "An abuse of discretion can be shown when the IJ or Board offers no 'rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis such as invidious discrimination against a particular race or group.'" *Denko*, 351 F.3d at 723 (citing *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir.1982)); *Babai v. INS*, 985 F.2d 252, 255 (6th Cir.1993) (BIA abuses its discretion when it acts arbitrarily, irrationally or contrary to law).

When the BIA adopts the reasoning of the immigration judge, this court reviews the immigration judge's decision to determine whether the BIA abused its discretion. *Secaida-Rosales v. I.N.S.*, 331 F.3d 297, 304 (2d Cir. 2003) (determining that when the BIA summarily affirms an

immigration judge's decision and thereby adopts the IJ's reasoning, the IJ's analysis is the sole basis for review); *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002); *Pop v. INS*, 270 F.3d 527, 529 (7th Cir. 2001).

A petitioner may file a motion to re-open his case pursuant to 8 U.S.C. § 1229a(b)(5)(C) after he has failed to appear at his deportation hearing. Under that section, the petitioner may file the motion at any time if he can demonstrate that his failure to appear was due to the fact that he did not receive notice. 8 U.S.C. § 1229a(b)(5)(C)(ii). Otherwise, he may only file a motion to re-open if he does so within 180 days and cites "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "Exceptional circumstances" are specifically defined as matters "beyond the control of the alien," including "serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances." 8 U.S.C. § 1229a(e)(1). In determining whether exceptional circumstances exist in any given case, the immigration judge shall consider the totality of the circumstances. *Denko*, 351 F.3d at 723.

If a petitioner fails to appear for his deportation hearing, the immigration court may, as it did in the instant matter, enter an order of deportation *in absentia*, pursuant to § 1229a(b)(5)(A), but only if the INS establishes "by clear, unequivocal, and convincing evidence" that written notice of the hearing was provided to the alien in accordance with § 1229(a)(1). Under § 1229(a)(1), the INS may provide service of notice either to the petitioner in person, or through the mail to the petitioner or his counsel of record.

In order to show "clear, unequivocal, and convincing evidence" of mail service, the INS must follow the strictures of § 1229(c), which provides that "[s]ervice by mail under this section shall be

sufficient if there is proof of attempted delivery to the last address provided by the alien in accordance with subsection (a)(1)(F) of this section." In turn, § 1229(a)(1)(F) provides the requirement that the alien "must immediately provide (or have provided) the Attorney General with a written record of an address and telephone number (if any) at which the alien may be contacted respecting [removal proceedings]." 8 U.S.C. § 1229(a)(1)(F)(i). That section continues, directing an alien to also provide a written record of any change in his address or telephone number. *See also* 8 U.S.C. § 1229(a)(1)(F)(ii).

In the present case, the INS has provided sufficient proof that notice of the May 1999 hearing was sent to the Yale Road address on December 21, 1998, the address Dubovtsev provided to INS agents on November 23, 1998 when he was personally served with a Notice to Appear. There is no proof of improper delivery or non-delivery of the December mailing, which was not returned. Courts recognize that service by mail affords a presumption of effective notice. *See Arrieta v. INS*, 117 F.3d 429 (9th Cir. 1996) (finding that notice sent by certified mail to last known address rendered service presumptively effective); 8 C.F.R. § 3.26(c) (1995).

Personal service by INS agents placed Dubovtsev on sufficient notice that the Yale Road address was, correct or not, the residence to which the court would forward documents bearing on proceedings for his removal.[2] That petitioner, without explanation, failed to correct that address after

---

[2]Petitioner's address may have been incorrect at the time of the November Notice, or it may have become incorrect some time after the December Notice (which was not returned) and before the January Notice of Hearing (which was returned to sender). Either way, Dubovtsev bore the responsibility of keeping the Service notified of his current address, or proving that his non-notification was due to "exceptional circumstances."

being placed on such notice does not warrant a finding of "exceptional circumstances" beyond Dubovtsev's control and confirms the immigration court's denial of his motion to rescind.

Petitioner properly contends that, by regulation, the Notice to Appear must include the address of the immigration court receiving the charging documents. *See* 8 C.F.R. § 1003.15 (b)(6). On November 23, 1998, INS agents personally served Dubovtsev a Notice to Appear which did not contain the requisite court address.

From that fact, petitioner has fashioned a jurisdictional argument, contending that the lack of the court's address voided the document and removed any jurisdiction the immigration court might have had to enter the *in absentia* removal order. However, the court's address properly appeared on the Certificate of Service of Charging Document mailed in December to petitioner's Yale Road address as listed on the November Notice to Appear. The December notification comported with applicable regulations because it was served by first class mail to the most recent address contained in the Record of Proceeding. *See* 8 C.F.R. § 1003.32. Petitioner has not provided a rebuttal of the presumption of proper delivery.

Dubovtsev's jurisdictional argument amounts to little more than an attempt to avoid responsibility for his failure to amend the putatively incorrect personal address as listed on the November Notice to Appear. That Notice charged petitioner with keeping the agency informed of an address at which he could be contacted. 8 C.F.R. § 1003.15(d) (directing that if the address on the Notice is incorrect the petitioner must provide a written notice of a proper address and telephone number to the court). However, the record does not provide any evidence that Dubovtsev sought to correct the Yale Road address at any time after he was served with the November Notice.

Moreover, the basis of petitioner's jurisdictional argument rests upon the authority of an unpublished BIA opinion, *Matter of Sokha Penn,* A27 358 834 (BIA July 23, 2001). *Penn* proposes that "the requirement that a Notice to Appear identify the place of filing is not simply a matter of venue; the requirement is jurisdictional," noting that "the power of the Immigration Judge is predicated upon the existence of properly instituted 'removal proceedings' and is specifically conferred by the [Immigration and Naturalization] Act and the regulations." Even assuming, *arguendo*, that the immigration court had not properly served Dubovtsev with the December Notice to Appear and Certificate of Service, unpublished BIA decisions carry no precedential weight. *See Leal-Rodriguez v. INS*, 990 F.2d 939, 946 (7th Cir. 1993); *Gousse v. Ashcroft*, 339 F.3d 91, 100 (2d Cir. 2003); *Johnson v. Ashcroft*, 286 F.3d 696, 700 (3d Cir. 2002). Thus, the foundation of petitioner's argument is without authority.

Accordingly, this court determines that the BIA did not abuse its discretion in affirming the IJ's denial of petitioner's motion to rescind and reopen the court's *in absentia* Order of Removal.