**Carlos CASTILLO–MENDOZA,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 03–73124.

Agency No. A74 370 137.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 22, 2004.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, MCKEOWN, and BERZON, Circuit Judges.

MEMORANDUM **

Carlos Castillo–Mendoza, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's denial of his motion to reopen deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and we deny the petition.

We review for abuse of discretion the BIA's decision to deny Castillo–Mendoza's motion to reopen deportation proceedings and rescind its *in absentia* deportation order based on Castillo–Mendoza's contention that he never received actual notice of his hearing. *Urbina–Osejo v. INS,* 124 F.3d 1314, 1316 (9th Cir.1997). If an alien has failed to notify the agency of a change of address, notice is sufficient when the agency mails written notice to the alien's "most recent address." *See* 8 C.F.R. § 1003.26(d); *see also Arrieta v. INS,* 117 F.3d 429, 431 (9th Cir.1997).

The agency served Castillo–Mendoza in person with an Order to Show Cause that: (1) explained the importance of appearing at his hearing; (2) showed the address the agency had on record; and (3) explained

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

that Castillo–Mendoza was responsible for keeping the agency apprised of his address at all times. The agency then notified Castillo–Mendoza of his hearing date by mailing written notice by certified mail to the address it had on record. Consequently, the BIA properly declined to rescind its deportation order and found instead that Castillo–Mendoza received adequate notice of his hearing and that Castillo–Mendoza could not show that notice failed to actually reach him "through no fault of [his own.]" *See* 8 CFR § 1003.23(b)(4)(iii)(A)(2).

PETITION FOR REVIEW DENIED.