Arman GEVORKYAN; et al., Petitioners,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–72229.

United States Court of Appeals, Ninth Circuit.

---

the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted March 23, 2005.**

Decided April 11, 2005.

Houman Varzandeh, Esq., Law Offices of Zaman & Varzandeh, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Andrew C. MacLachlan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Houman Varzandeh, Esq., Law Offices of Zaman & Varzandeh, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region, Laguna Niguel, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Andrew C. MacLachlan, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT and SILVERMAN, Circuit Judges.

## MEMORANDUM ***

Arman Gevorkyan, his wife and two minor children, natives and citizens of Armenia, petition for review from the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an immigration judge's ("IJ") denial of their motion to reopen removal proceedings because of lack of notice. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion, *Arrieta v. INS,* 117 F.3d 429, 430 (9th Cir.1997) (per curiam), and we deny the petition for review.

The IJ did not abuse her discretion in denying the Gevorkyans' motion to reopen because she properly concluded that where the former Immigration & Naturalization Service ("INS") sent notice by certified mail to the petitioners' address of record, and postal records indicate that delivery was attempted three times before the notice was returned to the INS marked "unclaimed," the Gevorkyans' sworn statements that they were not served by the INS failed to rebut the strong presumption of effective service created by proof of attempted delivery and notification of certified mail. *See id.* at 431 (holding that in order to overcome the strong presumption of delivery, an alien must establish that there was nondelivery or improper delivery by the Postal Service) (emphasis added); *see also Matter of M–D–,* 23 I. & N. Dec. 541, 547 (BIA 2002) (noting that an alien may not defeat service by neglecting or refusing to collect his mail).

**PETITION FOR REVIEW DENIED.**

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.