**Jose Daniel MUNOZ, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–72037.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2006.\*\*

Filed May 10, 2006.

Susan E. Hill, Hill & Piibe, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

na Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Papu Sandhu, Jennifer Keeney, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM \*\*\*

Jose Daniel Munoz ("Munoz"), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") denial of his motion to reopen proceedings in which he was ordered deported in absentia. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a), *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1183 (9th Cir.2001) (en banc), we review for abuse of discretion, *id.* at 1187, and we deny the petition for review.

The IJ properly denied Munoz's motion to reopen. The record reflects that Munoz's Order to Show Cause ("OSC") was sent as certified mail via the United States Postal Service ("USPS") with a request for a signed return receipt. The signed return receipt shows that the USPS article was delivered to Munoz's last known address. Notably, Munoz does not argue that the individual who signed the return receipt did not in fact receive the article or that the individual was not competent to sign the receipt. The only evidence that

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Munoz presented that he did not receive the OSC were his own written statements in support of the motion to reopen.

In light of the strong presumption that the USPS article was delivered to Munoz's last known address, and in light of the limited evidence presented by Munoz, we conclude that the IJ did not abuse his discretion by denying Munoz's motion to reopen. *See Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir.1997) (per curiam) (holding that notice sent to an alien's last known address creates a strong presumption of effective delivery); *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir.2002) (noting that it requires "fairly strong evidence" to rebut the presumption that notice sent via certified mail was delivered).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.