**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO ROBERTO ASCORRA-SARMIENTO; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-73665 <br><br> Agency Nos. A070-957-555 <br> A070-957-556 <br> A070-957-559 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Julio Roberto Ascorra-Sarmiento, Betty Ascorra, and their son, natives and

citizens of Peru, petition pro se for review of the Board of Immigration Appeals'

order dismissing their appeal from an immigration judge's decision denying their

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011), and we deny the petition for review.

The agency did not abuse its discretion in denying petitioners' motion to reopen for failure to show lack of notice where the notice of hearing was sent by certified mail to their last known address. *See* 8 U.S.C. § 1252b(a)(2)(A), (c)(1) (repealed); *see also Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir. 1997) (per curiam) ("[N]otice by certified mail sent to an alien's last known address can be sufficient under the Act, even if no one signed for it").

The agency also did not abuse its discretion in denying petitioners' motion to reopen as untimely where it was filed nearly eleven years after their order of removal, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) (an alien seeking to reopen and rescind an in absentia deportation order based on exceptional circumstances must file the motion within 180 days), and petitioners failed to establish that they qualified for equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 678-80 (equitable tolling is available to a petitioner who establishes that he suffered from deception, fraud or error, and exercised due diligence in discovering such circumstances).

09-73665

Petitioners' remaining contentions are unavailing.

We deny petitioners' February 14, 2012, motion to remand to the agency to present additional evidence. *See* 8 U.S.C. § 1252(a)(1); *Altawil v. INS,* 179 F.3d 791, 792-93 (9th Cir. 1999) (order).

**PETITION FOR REVIEW DENIED.**