**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHI WING CHAN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-72116

Agency No. A072-093-571

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Chi Wing Chan, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his motion to reopen deportation proceedings conducted

in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *Popa v. Holder*, 571 F.3d 890, 894 (9th Cir. 2009), and we deny the petition for review.

The agency did not abuse its discretion in denying Chan's motion to reopen for failure to show lack of notice where the notice of hearing was sent by certified mail to the most recent address provided by Chan. *See* 8 U.S.C. § 1252b(a)(2)(A), (c)(1) (repealed 1996); *see also Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir. 1997) (per curiam) ("[N]otice by certified mail sent to an alien's last known address can be sufficient under the Act, even if no one signed for it."). The agency also did not abuse its discretion in concluding that Chan failed to present "substantial and probative evidence" to overcome the strong presumption of effective service. *See Arrieta*, 117 F.3d at 431.

Chan's claim that his Order to Show Cause was legally defective is unavailing. *See* 8 U.S.C. § 1252b(a)(1) (repealed 1996); *see also Popa*, 571 F.3d at 896.

We do not address Chan's contention regarding when he became aware of his in absentia deportation order because the BIA did not rely on this ground. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review is limited to the grounds relied upon by the BIA).

Chan's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**