**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS CASTRO-RAMIREZ, | No. 09-70017 |
| Petitioner, | |
| v. | Agency No. A074-149-446 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:      CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Carlos Castro-Ramirez, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his motion to reopen deportation

proceedings conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen. *Arrieta v. INS*, 117 F.3d 429, 430 (9th Cir. 1997) (per curiam). We deny the petition for review.

The agency did not abuse its discretion in denying Castro-Ramirez's motion to reopen on the ground that notice was proper and Castro-Ramirez failed to rebut the strong presumption of effective service arising from the service of his hearing notice by certified mail. *See id.* at 431; *Matter of Grijalva*, 21 I. & N. Dec. 27, 37 (BIA 1995).

The agency also did not abuse its discretion in denying as untimely Castro-Ramirez's motion to reopen to apply for adjustment of status, where he was required to file that motion by September 30, 1996, but filed it more than 10 years later. *See* 8 C.F.R. § 1003.23(b)(1) (a motion to reopen deportation or exclusion proceedings must be filed no later than 90 days after a final order or on or before September 30, 1996, whichever is later); *Matter of M-S-*, 22 I. & N. Dec. 349, 356-57 (BIA 1998) (a motion to reopen an in absentia order to apply for adjustment of status is subject to requirements of 8 C.F.R. § 1003.23(b)(1)).

Castro-Ramirez's remaining contentions are unavailing.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471,

483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**