FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 22 2016

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAGIR SINGH, | No. 14-72719 |
| Petitioner, | Agency No. A070-122-599 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Jagir Singh, a native and citizen of India, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his motion to reopen deportation proceedings

conducted in absentia.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law, and review for abuse of discretion the denial of a motion to reopen. *Arrieta v. INS*, 117 F.3d 429, 430 (9th Cir. 1997). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Singh's motion to reopen, where Singh failed to rebut the strong presumption of effective service raised by notice of hearing sent by certified mail to his last known address and proof of attempted delivery. *Matter of Grijalva*, 21 I. & N. Dec. 27, 37 (BIA 1995) (the presumption may be overcome by evidence demonstrating improper delivery or that nondelivery was not due to the respondent's failure to provide an address where he could receive mail); *see Arrieta*, 117 F.3d at 431-32 (requiring substantial and probative evidence to rebut the presumption). Singh's contention that the agency misapplied *Matter of Grijalva* lacks merit.

The BIA did not abuse its discretion in declining to remand to allow Singh to present additional evidence regarding notice of his hearing, where he submitted no new or previously unavailable evidence for consideration by the BIA. *See* 8 C.F.R. § 1003.2(c)(1).

Singh's contention that the factual errors in the IJ's decision constitute a due process violation fail where he has not shown prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must

show error and prejudice); *Gu v. Gonzales*, 454 F.3d 1014, 1020, n.2 (9th Cir. 2006) (considering an IJ's isolated errors in light of the record as a whole).

Singh's contentions that the agency failed to give proper weight to his evidence, notice was sent to an incorrect spelling of his address, he never received notice of the requirement that he inform the agency of any address change, and he was denied an impartial decisionmaker are not supported by the record.

We lack jurisdiction over Singh's unexhausted contentions alleging IJ bias, that the IJ's denial of his motion violates his due process rights to fair notice and an opportunity to be heard, and that his proper address at the time of his 1998 in absentia deportation proceedings was a previously unspecified third address. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**