NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LETICIA MENDEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70105

Agency No. A070-934-597

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Leticia Mendez, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's order denying her motion to reopen deportation proceedings conducted in

absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen. *Martinez-Hernandez v. Holder*, 778

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1086, 1088 (9th Cir. 2015). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Mendez's motion to reopen based on lack of notice, where she did not sufficiently show that she did not refuse service of the notice of hearing, and therefore did not rebut the presumption of effective service. *See Arrieta v. INS*, 117 F.3d 429, 432 (9th Cir. 1997) ("[I]f [petitioner] can establish that her mailing address has remained unchanged, that neither she nor a responsible party working or residing at that address refused service, and that there was nondelivery or improper delivery by the Postal Service, then she has rebutted the presumption of effective service."). In so concluding, we do not consider Mendez's unexhausted contentions regarding the United States Postal Service. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider contentions not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**