NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELINA ROBLES, | No. 16-70489 |
| Petitioner, | Agency No. A073-931-896 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019**

Before: WALLACE, FARRIS, and TROTT, Circuit Judges.

Angelina Robles, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing in 2014 her appeal from

an immigration judge's order denying her motion to reopen deportation

proceedings conducted in absentia in 1996 with respect to her asylum application

filed in 1995. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part, and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Robles' motion to reopen based on lack of notice, where the record establishes that she was presumptively served an Order to Show Cause via certified mail at her undisputed address of record. *See* 8 U.S.C. § 1252b(a)(2) (1996); 8 C.F.R. § 1003.23(b)(4)(iii); *Mejia-Hernandez v. Holder*, 633 F.3d 818, 822-23 (9th Cir. 2011) (petitioner's sworn affidavit did not rebut strong presumption of service by certified mail); *Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir. 1997) ("Notice by certified mail sent to an alien's last known address can be sufficient . . . even if no one signed for it.")

Even assuming that the United States Citizenship and Immigration Services erred in not providing a copy of the certified mail receipt in it response to her Freedom of Information Act request, Robles has failed to demonstrate prejudice from the error. *See Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010) ("In order to prevail on [a due process] claim, the alien … must show prejudice, 'which means that the outcome of the proceeding may have been affected by the alleged violation.'" (citation omitted)).

The agency did not abuse its discretion in denying as untimely Robles' motion to reopen to apply for suspension of deportation. *See* 8 C.F.R.

2

§1003.23(b)(1). Although Robles contends that the BIA failed to analyze her equitable tolling contentions, the BIA was not required to address these issues because she did not raise them in her appeal brief. *See Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008) ("The exhaustion doctrine requires that the petitioner 'put the BIA on notice' as to the specific issues so that the BIA has 'an opportunity to pass on th[ose] issue[s].'" (citation omitted)).

We lack jurisdiction to consider Robles' unexhausted contention regarding the government's failure to oppose her motion before the immigration judge. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented to the agency in the alien's proceedings).

**PETITION FOR REVIEW DENIED, in part; DISMISSED, in part.**