NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISHNA KUMAR GOVIND LAR-PATEL,<br><br>       Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>       Respondent. | No.   18-72830<br><br>Agency No. A073-127-568<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019**

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Krishna Kumar Govind Lar-Patel, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's denial of his motion to reopen deportation proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

The agency did not err in determining Govind Lar-Patel received the proper advisals of his obligation to keep his contact information updated and the consequences of failing to appear. The record shows he was personally served with an order to show cause ("OSC") containing the requisite advisals, and the use of "Indian" on the OSC does not establish that advisals were insufficient. *See* 8 U.S.C. § 1252b(a) (1994).

The agency did not err or abuse its discretion in denying Govind Lar-Patel's motion for failure to show lack of notice, where the record indicates the notice of hearing was sent via certified mail to the address he provided and was signed for. *See Arieta v. INS*, 117 F.3d 429, 431 (9th Cir. 1997) ("[N]otice by certified mail sent to an alien's last known address can be sufficient under the Act, even if no one signed for it."). Govind Lar-Patel did not rebut the presumption of proper delivery, where he provided no evidence that the signature on the certified mail return receipt was not that of a responsible party, nor any other evidence of improper delivery. *See id.* at 432 (If an alien "can establish that [his] mailing address has remained unchanged, that neither [he] nor a responsible party working or residing at that address refused service, and that there was nondelivery or improper delivery

by the Postal Service, then [he] has rebutted the presumption of effective service."). Govind Lar-Patel's contention that the agency failed to consider evidence is not supported.

We lack jurisdiction to consider Govind Lar-Patel's challenges to the agency's denial of sua sponte reopening, where he has not raised any constitutional or legal error. *See Bonilla*, 840 F.3d at 588 (court can review BIA decisions denying sua sponte reopening only for the limited purpose of reviewing the reasoning behind the decision for legal or constitutional error).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**