**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ALFONSA SANCHEZ, | No. 17-70047 |
| Petitioner, | Agency No. A070-924-260 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2020**
Pasadena, California

Before: RAWLINSON, CLIFTON, and BRESS, Circuit Judges.

Alfonsa Sanchez, a native and citizen of Mexico, petitions for review of an

order of the Board of Immigration Appeals denying her motion to reopen and

rescind an *in absentia* order of deportation. The order was issued in 1995 after

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sanchez failed to attend her immigration hearing. More than 17 years later, Sanchez filed the motion to reopen and rescind that order.

The IJ denied the motion to reopen, holding that it was untimely and that Sanchez failed to demonstrate that equitable tolling of the filing deadline was warranted. The IJ held also that affidavits submitted by Sanchez and her children did not overcome the strong presumption of effective service of the hearing notice. The BIA affirmed the IJ's decision and dismissed the appeal. This Court reviews the denial of a motion to reopen for abuse of discretion. *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004).

## I.  Notice of the Hearing

"[W]here service of a notice of a deportation proceeding is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail, a strong presumption of effective service arises." *Matter of Grijalva*, 21 I&N Dec. 27, *37 (BIA 1995); *see also Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir. 1997) ("[N]otice by certified mail sent to an alien's last known address can be sufficient under the Act . . . "). In this petition, Sanchez acknowledges that "the notice of hearing was sent via certified mail through the United States Postal Service and delivered to [her] last known

address." She argues, however, that the BIA erred in failing to afford the affidavits of her and her children their proper weight.

"[F]acts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable." *Tadevosyan v. Holder*, 743 F.3d 1250, 1256 (9th Cir. 2014) (internal quotation omitted). The IJ and BIA did not err in concluding that the affidavits were inherently unbelievable, given that they, *inter alia*: (1) were submitted only after the IJ had identified a lack of similar evidence needed to overcome the strong presumption of effective service and purported to describe events that had occurred more than 17 years in the past; (2) contradicted Sanchez's previous assertions in court filings as to why she did not receive the hearing notice; and (3) offered no explanation as to whether Sanchez attempted to attend the hearing which she knew was originally scheduled for April 21, 1995, at which she presumably would have learned of the deportation order that had been entered days earlier.

## II. Reopening on the Basis of Exceptional Circumstances

Sanchez argues also that exceptional circumstances prevented her from appearing at the immigration hearing. She did not file her motion within the 180-day deadline for seeking relief on this basis, but instead did so more than 17 years

after entry of the deportation order. Nevertheless, she claims that she exhibited due diligence and that the Court should therefore equitably toll the filing deadline.

As stated by the IJ, "[n]either Respondent's Motion to Reopen or her appeal brief to the BIA offers any explanation as to how and when she discovered she was ordered deported *in absentia* on April 18, 1995, or why she waited until March 26, 2013 to file the Motion to Reopen." In this petition, she argues that "circumstantial evidence demonstrates that it is more likely than not that [she] received ineffective counsel in filing the request to change venue" in 1995. The only evidence indicating that Sanchez retained a lawyer in 1995 is a certificate of service sent by a "paralegal" to the Immigration Court. Even if we were to accept that a lawyer was involved in filing the motion to change venue, Sanchez does not claim that the lawyer informed her not to attend the immigration hearing that she was aware of. Whatever can be said of the "circumstantial evidence" surrounding these events, the BIA did not err in determining that Sanchez failed to show that she acted with due diligence in submitting her motion more that 17 years after the deadline to do so had passed.

Sanchez's remaining arguments are without merit.

**PETITION DENIED.**