**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| SILVIA YANETH RIVERA RECINOS, | No. 21-1391 |
| Petitioner, | Agency No. A073-967-403 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2023**
Pasadena, California

Before: TASHIMA, GRABER, and CHRISTEN, Circuit Judges.

Petitioner Silvia Yaneth Rivera Recinos, a native and citizen of Guatemala,

petitions for review of a decision of the Board of Immigration Appeals (BIA or

Board). The Board denied Petitioner's motion to reopen, which was based on

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner's contention that she never received notice of the hearing at which the Immigration Judge entered an in absentia deportation order. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. The government points out that the BIA erroneously relied on statutory provisions governing removal proceedings instead of those governing deportation proceedings, which do not contain "time or numeric limits on motions to reopen." 8 C.F.R. § 1003.23(b)(4)(iii)(D) addresses exceptions to filing deadlines regarding orders entered in absentia in deportation proceedings, and it provides that the time and numerical limitations shall not apply to a motion to reopen based on failure to receive notice.

The Board thus committed legal error and abused its discretion in concluding that Petitioner's motion was "both time- and number-barred." *See Singh v. Holder*, 771 F.3d 647, 653 (9th Cir. 2014) (holding that the BIA erred, and thus abused its discretion, when it denied a motion to reopen for lack of authority).

Nonetheless, the Board's error was harmless because substantial evidence supports the Board's finding that Petitioner failed to rebut the presumption of effective notice. *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) (explaining that "[w]e apply 'traditional administrative law principles' in reviewing immigration agency decisions, which include the rule that reviewing

2

courts shall take 'due account' of 'the rule of prejudicial error'" (quoting, first, *Garland v. Dai*, 141 S. Ct. 1669, 1679 (2021); and then quoting 5 U.S.C. § 706)); *see also Reyes-Corado v. Garland*, 76 F.4th 1256, 1260 (9th Cir. 2023) (reviewing "the BIA's determination of purely legal questions de novo and its factual findings for substantial evidence"). The Board reasoned that it already had rejected Petitioner's argument— that she failed to receive notice of the hearing—twice. The Board's finding in its two earlier denials of Petitioner's motion to reopen—that Petitioner's evidence did not establish that she failed to receive notice because the envelope that she submitted with the incorrect address was postmarked June 9, 1997, after the September 23, 1996 hearing—is supported by substantial evidence.

Petitioner is correct that the record establishes that she did not receive actual notice of the hearing. Even though the envelope containing the notice informing her of the September 1996 hearing was sent to the correct address, the envelope was stamped as unclaimed and returned to sender. This court has held 'that notice by certified mail sent to an alien's last known address can be sufficient under the [Immigration and Nationality] Act, even if no one signed for it.'" *Mejia-Hernandez v. Holder*, 633 F.3d 818, 822 (9th Cir. 2011) (alteration in original) (quoting *Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir. 1997) (per curiam)).

3

Petitioner has failed to rebut the presumption of effective service because she did not present evidence that "neither she nor a responsible party working or residing at that address refused service," or "that there was nondelivery or improper delivery . . . by the Postal Service." *Arrieta*, 117 F.3d at 432.

2.      Petitioner contends that she established exceptional circumstances to reopen her case. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1). We decline to reach her "exceptional circumstances" argument because she did not present that argument to the BIA in her second motion to reopen. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir 2023) (although failure to exhaust is not jurisdictional, it is subject to the usual principles of forfeiture and waiver).

3.      Petitioner's Order to Show Cause was not defective for failing to include the time and place of the hearing. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1196 (9th Cir. 2023) (explaining that, under 8 U.S.C. § 1252b(a)(2)(A), an Order to Show Cause, unlike a Notice to Appear, "was not required to include the time and place of the immigrant's deportation proceedings," and that "this information could be provided in a separate document").

**PETITION FOR REVIEW DENIED.**

4