NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSA MERCEDES RODRIGUEZ, | No. 23-1542 |
| Petitioner, | |
| v. | Agency No. A070-779-083 |
| | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2024**
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and ROSENTHAL,***
District Judge.

Rosa Mercedes Rodriguez, a native and citizen of Mexico, petitions for review

of an order of the Board of Immigration Appeals affirming the denial of her motion

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

to rescind her in absentia deportation order and reopen her proceedings. We have jurisdiction under 8 U.S.C. § 1252(a). We deny in part and dismiss in part the petition for review.

We review the denial of a motion to reopen for abuse of discretion. *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004), *amended sub nom. Lara-Torres v. Gonzales*, 404 F.3d 1105 (9th Cir. 2005). Under that standard, the denial is upheld unless the Board "acted arbitrarily, irrationally, or contrary to law." *Id.* (quoting reference omitted). Questions of law are reviewed de novo, and the Board's factual findings are reviewed for substantial evidence. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020).

I

Rosa Mercedes Rodriguez argues that her in absentia deportation order should be rescinded because she did not receive legally sufficient notice of the hearing. *See* 8 U.S.C. § 1252b(c)(3)(B) (repealed 1996).[1] The Immigration and Naturalization Service sent the Order to Show Cause and Notice of Hearing to Ms. Rodriguez by certified mail, return receipt requested, to the address that she had listed on her asylum application.

Service of an Order to Show Cause is proper if "the return receipt was signed

---

[1] 8 U.S.C. § 1252b has since been repealed, but its provisions, including notice of hearing provisions, apply here. *See Lahmidi v. I.N.S.*, 149 F.3d 1011, 1012 n.1 (9th Cir. 1998).

by the alien or a responsible person at the alien's address." *Chaidez v. Gonzales*, 486 F.3d 1079, 1085 (9th Cir. 2007). Ms. Rodriguez asserts that the address she gave belonged to New Life Immigration Services, which she had hired to help her in applying for asylum and obtaining authorization to work. She asserts that "[t]hey forwarded me my correspondence." In July 1993, someone at that address received Ms. Rodriguez's employment authorization through the mail and delivered it to her. In January 1994, someone at that address signed the return receipt for the Order to Show Cause and Notice of Hearing addressed to Ms. Rodriguez. Based on these facts, the Board did not abuse its discretion in concluding that the Order to Show Cause and Notice of Hearing "was signed by . . . a responsible person at [Ms. Rodriguez's] address." *See id*.

Ms. Rodriguez argues that she nevertheless did not receive legally sufficient notice because a subsequent notice providing the date, time, and place of the hearing was sent by certified mail to the same address and returned unclaimed. This Court has recognized a "strong presumption" that notice of a hearing is effective when it is sent by certified mail, "even if no one signed for it." *Mejia-Hernandez v. Holder*, 633 F.3d 818, 822 (9th Cir. 2011) (quoting *Arrieta v. I.N.S.*, 117 F.3d 429, 431 (9th Cir. 1997)). This presumption can be rebutted by showing "that [the petitioner's] mailing address has remained unchanged, that neither she nor a responsible party working or residing at that address refused service, and that there was nondelivery

3

or improper delivery by the Postal Service." *Arrieta*, 117 F.3d at 432. Ms. Rodriguez has not made this showing. The Board, because it considered all of Rodriguez's nondelivery evidence, was within its discretion to conclude that Ms. Rodriguez received legally sufficient notice of her deportation proceeding. *See id.*[2]

## II

We lack jurisdiction to review the Board's refusal to sua sponte reopen deportation proceedings except "for the limited purpose of reviewing the reasoning behind the decision[] for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Ms. Rodriguez argues that the Board erred in finding that the allegedly ineffective assistance provided by New Life Immigration Services did not rise to the level of exceptional circumstances warranting a sua sponte reopening of her proceeding. Ms. Rodriguez identifies no legal or constitutional error underlying the Board's decision, so we lack jurisdiction to consider this issue. *See id.*

## III

We dismiss the petition for review as to Ms. Rodriguez's motion to reopen to the extent that Ms. Rodriguez challenges the denial of sua sponte reopening, and we

---

[2] The Board did not abuse its discretion by disregarding evidence that the owner of New Life Immigration Services was arrested in 1998 for failure to post a required bond. Nothing in the record connects that arrest to the question of whether Ms. Rodriguez received legally sufficient notice of her deportation proceedings in 1994.

deny the remainder of the petition.

**PETITION DENIED IN PART AND DISMISSED IN PART.**