**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRMA CANDELARIA JUAREZ-ROMERO, | No. 11-73121 |
| Petitioner, | Agency No. A070-190-683 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Irma Candelaria Juarez-Romero, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") denial of her motion to reopen

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deportation proceedings held in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and remand, *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir. 2005), and review de novo questions of law, *Hamazaspyan v. Holder,* 590 F.3d 744, 747 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Juarez-Romero's motion to reopen for failure to show lack of notice where the government demonstrated proper service of the Order to Show Cause ("OSC") and the Notice of Hearing. *See* 8 U.S.C. § 1252b(a)(1), (a)(2)(A), (c)(1) (repealed 1996); *see also Chaidez v. Gonzalez,* 486 F.3d 1079, 1085 (9th Cir. 2007) ("For OSCs, service was proper only if the INS established that the return receipt was signed by the alien or a responsible person at the alien's address."); *Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir. 1997) (per curiam) ("[N]otice by certified mail sent to an alien's last known address can be sufficient under the Act, even if no one signed for it.").

The BIA did not abuse its discretion in denying Juarez-Romero's motion to remand where the newly submitted evidence was previously available and could have been provided to support Juarez-Romero's motion to reopen before the IJ. *See Matter of Grijalva,* 21 I. & N. Dec. 27, 36 (BIA 1995) (the BIA will not remand to the IJ for consideration of evidence submitted on appeal that was

available and could have been presented along with a motion to reopen filed with the IJ).

It follows that the agency did not violate Juarez-Romero's due process rights by denying the motion. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

We lack jurisdiction to review Juarez-Romero's contentions regarding the signature on the OSC's return receipt and the agency's failure to adhere to its own regulations because she failed to raise these issues before the agency and thereby failed to exhaust her administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**